## JOSEPH WALSH v. RENE ARNOUS.

By the act of 25th of March, 1813, defining the powers of police juries, they have the right to determine how lands situated within the points on the Mississippi river shall be drained.

13

WALSH
*v.*
ARNOUS.

APPEAL from the District Court of Iberville, *Burk*, J.  *R. A. Upton*, for appellant.  *Z. Labauve*, for appellee.  The judgment of the court was pronounced by

ROST, J.  The facts of this case are identically the same as those in the case of *May* v. *Ransom*, 5th Ann. 424.

The lands of the plaintiff and those of the defendant are situated on a point of the Mississippi river.  The defendant, who is the owner of the inferior estate, has thrown up around it a levee which arrests the natural flow of the waters falling upon the plaintiff's land.  On the other hand, the plaintiff has opened drains upon his estate, which have the tendency to render the servitude due by that of the defendant more onerous.

The case was tried before a jury, and the plaintiff has appealed from the judgment in favor of the defendant upon the verdict.

We think the evidence sufficiently preponderates in favor of the plaintiff to justify us in changing the final judgment into a judgment of non-suit.  As the case is before us, we could not, under the law, render a judgment in favor of the plaintiff without compelling him at the same time to close all his artificial drains.  He would gain nothing by such a decree.

In dismissing the petition we again repeat what we stated in *Ransom's* case, that ample powers to settle this controversy to the advantage of both parties, are vested in the police jury by the act of 1813, further defining the organization and functions of police juries.

Police juries have the exclusive right under that law to determine how lands situated within the points on the Mississippi river shall be drained, without regard to their relative position as superior and inferior estates; and to apportion among the several proprietors the costs of the drainage.

It is therefore ordered, adjudged and decreed, that the judgment in this case be reversed, and that there be judgment in favor of the defendant as in case of non-suit.  It is further ordered, that the costs of the district court be paid by the plaintiff; those of this appeal to be paid by the defendant.